UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CR-120 RLM |
| | ) | |
| DONALD ZAWADA | ) | |

## OPINION and ORDER

Donald Zawada filed a "Post-Conviction Motion for Appropriate Relief Based on Newly Discovered Evidence." Mr. Zawada argues in his accompanying memorandum that the purported "overwhelming evidence" presented against him at his trial, "when viewed in the correct context," actually reveals his innocence. Mr. Zawada says his current motion shouldn't be considered to be a successive collateral attack under 28 U.S.C. § 2255[1] because his claim is based on his actual innocence. Instead, Mr. Zawada cites to 28 U.S.C. § 2244(b) as authority for his motion. He asks the court to grant his motion or, alternatively, hold an evidentiary hearing.

28 U.S.C. § 2244(b) imposes three requirements on second or successive habeas petitions: "First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and

---

[1] The court denied Mr. Zawada's first Section 2255 petition on February 1, 2010.

retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3)." Gonzalez v. Crosby, 545 U.S. 524, 529-530 (2005). Mr. Zawada says his new evidence meets the requirements of Section 2244(b)(2)(B), so prior appellate court approval for the filing of the motion is unnecessary.

Mr. Zawada is mistaken. Section 2244 specifically requires that before a second or successive application may be filed in this court based on 28 U.S.C. § 2244(b)(2)(B) (the section upon which Mr. Zawada relies), "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."); Suggs v. United States, 705 F.3d 279, 282 (7th Cir. 2013) ("If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it. See 28 U.S.C. §§ 2244(a)–(b), 2255(h). The court of appeals may authorize a second or

successive motion only if it presents either (1) newly discovered evidence that makes a clear and convincing showing of innocence or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h). Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition."). Mr. Zawada hasn't established that he obtained authorization from the court of appeals for this court to consider his current motion.

The court DENIES Mr. Zawada's motion for post-conviction relief based on newly discovered evidence [docket # 207] for lack of subject matter jurisdiction.

SO ORDERED.

ENTERED:   October 9, 2013

                                          /s/ Robert L. Miller, Jr.
                                          Judge, United States District Court

cc:    D. Zawada
       AUSA Schaffer; AUSA Lowery